IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC LEONARD LITTLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:22-CV-429-RAH-SMD |
| | ) [WO] |
| STATE OF ALA., *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, a state inmate, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner alleges that, in the Circuit Court of Elmore County, Alabama, he faces a charge of promoting prison contraband. *Id.* at 1. Further, he alleges that the "State of Alabama [has failed] to promptly take [him] to trial." *Id.* at 2. But he does not allege how long "the criminal case has been pending," *id.* at 6, or provide any other relevant supporting allegations.

Rule 4 of the Rules Governing § 2254 Cases requires district courts to *sua sponte* dismiss petitions for both procedural and merits-based deficiencies. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653–54 (11th Cir. 2020).  This Rule applies to § 2241 cases. *See* Rule 1(b), Rules Governing Section § 2254 Cases ("The district court may apply [the Rules Governing Section 2254 Cases] to a [§ 2241] habeas petition . . . ."). "Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citation omitted). This requirement "mandate[s] 'fact pleading' as opposed to

[the] 'notice pleading' [] authorized under Federal Rule of Civil Procedure 8(a)." *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011).

Here, Petitioner has alleged no facts supporting his assertion that Respondents have violated his right to a speedy trial. Therefore, the petition is facially insufficient.

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. The petition (Doc. 1) be DISMISSED without prejudice.

2. Petitioner's motion to proceed *in forma pauperis* (Doc. 2) be DENIED as moot.

3. This case be CLOSED.

The Clerk is DIRECTED to send Petitioner a copy of this Recommendation. It is further

ORDERED that **by August 16, 2022,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 2nd day of August, 2022.

/s/  Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE